COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WAMPLER-LONGACRE, INC.
AND
PACIFIC EMPLOYERS INSURANCE COMPANY
                                    MEMORANDUM OPINION[*]
v.   Record No. 1756-97-4              PER CURIAM
                                     DECEMBER 9, 1997
KATHY S. CUSTER


                              FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

          (Cathleen P. Welsh; Wharton, Aldhizer
          & Weaver, on brief), for appellants.

          (Kermit L. Racey; Racey & Racey, on brief),
          for appellee.


     Wampler-Longacre, Inc. and its insurer (hereinafter referred

to as "employer") contend that the Workers' Compensation

Commission erred in finding that Kathy Custer proved (1) that her

post-April 1994 right shoulder and right arm symptoms were

causally related to her 1992 compensable right shoulder injury;

and (2) that she was totally disabled after October 11, 1995,

and, therefore, she did not have a duty to market any residual

capacity.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that Custer sustained her burden of proving a compensable change-in-condition, the commission found as follows:

> [Custer's] medical treatment and disability have been caused, at least in part, by the 1992 compensable injury. Dr. [Galen] Craun stated on April 21, 1994, that "I believe she has a cervical neuritis as well as rotator cuff tendinitis from prior repair." In his disability statement on May 18, 1994, he indicated a diagnosis of status post right shoulder cuff reinjury. In his letter to the carrier dated June 28, 1994, Dr. Craun wrote, "I have seen Kathy Custer with complaints of severe pain in the shoulder, shoulder blade, and right upper thoracic area. She has been symptomatic since her rotator cuff repair by Dr. Edward Chappell. . . . On the same date, he diagnosed myofascial pain syndrome and rotator cuff tendinitis, right shoulder. On September 19, 1994, Dr. Craun wrote: "I can only conclude that the patient's current situation stems from her February 10, 1992 condition since she has had as much pain after her surgery in 1992 as she did before. In other words, she has continued to be symptomatic throughout her post-operative course stemming back to 1992.

2

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Craun's opinions, and to reject any contrary medical opinions. Dr. Craun's opinions, along with Custer's account of continuing symptoms, constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

### Disability

In ruling that Custer remained totally disabled since July 18, 1994, and had not been released to return to work, the commission found as follows:

> Dr. Craun excused [Custer] from work on [July 18, 1994]. Dr. [Glenn] Deputy took her out of work on August 9, 1994. Dr. [D.L.] Perry declared her disabled on August 24, 1994, and on January 5, 1995, until further notice. Dr. Perry reported her "still off work" in February and July, 1996. There has been no release to return to work, and [Custer's] testimony is that she remains symptomatic.

The commission was entitled to accept the opinions of Drs. Craun, Deputy, and Perry. These opinions, coupled with claimant's continuing symptoms, constitute credible evidence to support the commission's findings. Therefore, those findings are

3

conclusive on appeal.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner, 12 Va. App. at 894, 407 S.E.2d at 35.

For the reasons stated, we affirm the commission's decision.

Affirmed.